IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RITA S.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 24 C 5157 |
| v. | ) |
| | ) Magistrate Judge |
| LELAND DUDEK, Acting | ) Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Rita S.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Leland Dudek has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On October 19, 2021, Plaintiff filed a claim for DIB, alleging disability since May 1, 2015. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on July 27, 2023, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On November 16, 2023, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of May 1, 2015 through her date last insured of December 31, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments through the date last insured: peripheral neuropathy status post surgery for carpal tunnel syndrome with

2

residual effects; osteoarthritis of the bilateral knees; and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can never climb ladders, ropes, and scaffolding, kneel, crouch, or crawl; can occasionally stoop; can frequently handle and finger bilaterally; must avoid concentrated exposure to unprotected heights and moving mechanical parts; and may need a cane for ambulation. At step four, the ALJ determined that, through the date last insured, Plaintiff was capable of performing her past relevant work as a nursing services director. Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from May 1, 2015 through December 31, 2020.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's finding that Plaintiff could perform her past relevant work cannot stand given the Agency's recent ruling on past relevant work; (2) the ALJ erred in assessing raw diagnostic findings and in failing to provide a supported rationale for Plaintiff's hand limitations; (3) the ALJ erred by failing to accommodate Plaintiff's mental limitations; and (4) the ALJ failed to properly assess Plaintiff's symptoms. The Court will consider Plaintiff's arguments below.

#### A. <u>Social Security Ruling 24-2p</u>

Pointing to the ALJ's finding that Plaintiff was capable of performing her past relevant work as a nursing services director, Plaintiff argues that "[t]he past relevant work finding . . . cannot stand given the Agency's new Ruling [SSR 24-2p]." ([15] at 11.) Plaintiff's contention that SSR 24-2p provides a basis for reversal is easily disposed of, as SSR 24-2p became effective on June 22, 2024 and was not in place at the time of the ALJ's decision (November 2023). *See Aubrey L. v. O'Malley*, No. 24 C 7055, 2025 WL 461437, at *2 n.2 (N.D. Ill. Feb. 11, 2025). *See also John H. v. Comm'r of Soc. Sec.*, No. C24-5250-MLP, 2024 WL 4529264, at *2 (W.D. Wash. Oct. 18, 2024) ("Plaintiff contends the ALJ applied outdated rules regarding past relevant work. A reviewing court must evaluate an ALJ's decision based on the 'law[s] in effect at the time of the ALJ's decision.' Regulations in place at the time of the ALJ's December 2023 decision provided that work performed within the past 15 years qualified as 'past relevant work.' Although new regulations [SSR 24-2p]

6

limiting this window to five years took effect in June 2024, they are not relevant to this case. The ALJ applied the correct pre-2024 rules, and Plaintiff's argument fails as a result.) (citations omitted); *Minnis v. Commissioner*, No. 24-11281, 2025 WL 974570, at *3-4 (11th Cir. Apr. 1, 2025); *Dawn Louise M. v. O'Malley*, No. 4:24-CV-00130-DKG, 2024 WL 4388155, at *4 (D. Idaho Oct. 3, 2024).

However, for the reasons explained below, the Court finds that remand for further proceedings is required. On remand, the Agency will be required to apply SSR 24-2p. *See* SSR 24-2p, 2024 WL 3291790, at *2 n.1 ("If a court reverses our final decision and remands a case for further administrative proceedings after the applicable date of this SSR, we will apply this SSR to the entire period at issue in the decision we make after the court's remand."); *Kimberly C. v. O'Malley*, No. CV SAG-21-0873, 2025 WL 316234, at *2, n.4 (D. Md. Jan. 27, 2025) ("Once remanded, however, the SSA will apply the current regulations.").

### B. Raw Diagnostic Evidence Concerning Plaintiff's Hand Limitations

Plaintiff asserts that the ALJ erred with respect to her consideration of "raw diagnostic findings," namely, "significant EMG and nerve conduction findings [which] established severe mononeuropathy at the wrists." ([15] at 4.) Pertinent to Plaintiff's argument, as stated above, the ALJ determined that Plaintiff had the ability to "frequently handle and finger bilaterally." (R. 33.) However, the ALJ considered the raw diagnostic evidence in question and acknowledged that "[a]n electromyography and nerve conduction studies from October 2019 were abnormal." (*Id.* at 34.) As Plaintiff points out, the ALJ did not "provide any supported rationale

7

for finding these results consistent with frequent handling and fingering." ([15] at 4.)

The Seventh Circuit has stated repeatedly that an ALJ may not "play[] doctor" and interpret "potentially decisive medical evidence without medical scrutiny." *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (internal quotations omitted). The Seventh Circuit "has been especially critical of ALJs' attempts to deduce the meaning of complex medical documents, such as MRIs." *Tobias B. v. Kijakazi*, No. 20-CV-2959, 2022 WL 4356857, at *6 (N.D. Ill. Sept. 20, 2022) (citations omitted). Furthermore, "courts in this circuit have held on numerous occasions [that] it is for doctors, and not ALJs to interpret x-rays, MRIs, and other raw medical data, even if those scans appear to be mild or unremarkable." *Theresa M. v. Saul*, No. 19 C 3135, 2020 WL 7641286, at *5 (N.D. Ill. Dec. 23, 2020) (citations omitted). Based on this legal authority, the Court finds that the ALJ erred by independently considering raw medical data bearing upon Plaintiff's hand conditions and factoring such medical evidence into her decision. *See Lori K. v. O'Malley*, No. 22 C 50367, 2024 WL 5239412, at *5 (N.D. Ill. Dec. 27, 2024) ("While a radiologist characterized the x-rays as showing mild degenerative changes, the ALJ, and not a doctor, decided what that meant with respect to Plaintiff's pain. Therefore, the ALJ's determination was thus not supported by substantial evidence.").

Defendant argues that the ALJ was "merely quoting what Dr. Metzler stated about the testing" and "[q]uoting from a test or imaging study is not interpreting

8

the raw data." ([22] at 10.) The Court rejects that contention. While it is true that merely "quoting" is not error, the critical issue is what functional limitations a medical professional would ascribe to the results. Here, no medical professional explicitly assessed the EMG and nerve conduction studies (showing severe mononeuropathy) and concluded that Plaintiff could nonetheless frequently handle and finger. Ultimately, the ALJ's independent review of the raw diagnostic results is an error requiring that this matter be remanded. *See Apr. T. v. Saul*, No. 20-CV-1670, 2022 WL 972323, at *3 (N.D. Ill. Mar. 31, 2022) ("[I]t appears as though the ALJ interpreted a number of medical documents without the benefit of medical scrutiny. The ALJ's interpretation of raw medical evidence was error. . . .Given these significant shortcomings, the Court finds that the ALJ did not fully and fairly develop the record such that remand is warranted.") (citations omitted).

Relatedly, Plaintiff contends that "the ALJ did not set forth a requisite supported basis for finding that [Plaintiff] could handle and finger frequently, meaning more than five and one-third hours during the day." ([15] at 5.) The Court agrees with Plaintiff that the ALJ's determination that Plaintiff could frequently handle and finger bilaterally defies meaningful review because the ALJ failed to offer any explanation for how she arrived at that conclusion. An ALJ must "explain her finding that [a] Claimant is capable of frequent – as opposed to unlimited or occasional – handling and fingering." *Josette S. v. Kijakazi*, No. 20-CV-4602, 2023 WL 2477536, at *7 (N.D. Ill. Mar. 13, 2023). Here, the ALJ did not provide such an explanation and she erred as a result. *See Nanet R. v. Kijakazi*, No. 20 C 3304, 2023

9

WL 3479181, at *4 (N.D. Ill. May 16, 2023) ("[T]he ALJ concluded that [the] medical evidence only supported a limitation of 'frequent' handling and fingering. This limitation appears to be arbitrary. Indeed, the ALJ does not explain the medical basis for this determination whatsoever.") (citations omitted); *Lakisha R. v. Kijakazi*, No. 20 C 7574, 2023 WL 2374974, at *4 (N.D. Ill. Mar. 6, 2023) ("Overall, the ALJ's decision lacks sufficient analysis for the Court to determine . . . what led the ALJ to impose the RFC limitations on handling, fingering, and reaching."). The ALJ's error in that regard is an independent basis for remand. *See Holly E. v. Kijakazi*, No. 22-CV-1026, 2023 WL 6230947, at *7 (S.D. Ill. Sept. 25, 2023) ("[R]emand is appropriate in this case for the ALJ to clarify the reasons he found Plaintiff could feel frequently with her hands and that she could 'frequently' perform gross manipulation with the bilateral upper extremities."); *Twyla N. v. Kijakazi*, No. 3:22-CV-50087, 2023 WL 2745629, at *5 (N.D. Ill. Mar. 31, 2023) ("[On remand] the ALJ must consider all the evidence relating to Plaintiff's hand impairments and sufficiently explain her reasons for the RFC limitations."); *Kemplen v. Saul*, 844 F. App'x 883, 887 (7th Cir. 2021) (finding remand necessary where "the ALJ did not identify a basis for why Kemplen could tolerate 'frequent' handling").

    C.    <u>**Plaintiff's Mild Mental Limitations**</u>

Plaintiff contends that the ALJ erred with respect to her consideration of the "paragraph B" areas of mental functioning. ([15] at 6-11.) The paragraph B criteria refer to a claimant's impairments in the four broad areas of mental functioning:

10

understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. The ALJ determined that Plaintiff had mild limitations in each of the four functional areas. (R. 31.) However, the ALJ's RFC assessment did not include any non-exertional accommodations for Plaintiff's mental deficits. Further, Defendant concedes that "the ALJ did not expressly find in her RFC rationale that no mental restrictions were necessary." ([22] at 4.)

Plaintiff asserts that "[e]ven if the ALJ determined that the non-severe impairments did not warrant limitations in the RFC, the ALJ was nonetheless obligated to provide a sufficient explanation for that conclusion." ([15] at 8 (citation omitted).) Along those lines, the Court agrees that the ALJ erred by failing to explain why no mental health limitations (even if for mild impairments) were included in the RFC. "While a mild, or even a moderate, limitation in an area of mental functioning does not *necessarily* prevent an individual from securing gainful employment, the ALJ must still affirmatively *evaluate* the effects such mild limitations have on the claimant's RFC." *Simon-Leveque v. Colvin*, 229 F. Supp. 3d 778, 787 (N.D. Ill. 2017) (citation omitted). Further, if an ALJ "believes that [a claimant's] Paragraph B limitations do not merit a non-exertional limitation in the RFC, the ALJ shall explain that conclusion in a way that a reviewing court may follow her reasoning." *Lawonda P. v. Kijakazi*, No. 20-CV-2573, 2021 WL 3418847, at *6 (N.D. Ill. Aug. 5, 2021) (citations omitted). Consistent with this authority, the ALJ erred in this case because she provided no analysis of Plaintiff's mild mental

11

deficits in relation to her RFC finding. *See Dianne O. v. Kijakazi*, No. 21 C 2348, 2023 WL 3864589, at *4 (N.D. Ill. June 7, 2023) ("[T]he ALJ determined at step two that Plaintiff had non-severe mental impairments that warranted a mild limitation in adapting or managing herself, but the ALJ failed to discuss or even mention Plaintiff's mild mental limitation in crafting the RFC."). Under the circumstances, the requisite sufficient explanation is missing. *See Warnell*, 97 F.4th at 1054. The ALJ's error concerning Plaintiff's mild mental deficits requires that this matter be remanded. *See Brenda R. v. Kijakazi*, No. 20-CV-7498, 2023 WL 3689458, at *6 (N.D. Ill. May 26, 2023) (remanding where "the ALJ made no mention in his RFC assessment of his own findings that Claimant has mild limitations in her ability to concentrate, persist, or maintain pace; interact with others; and adapt and manage herself, nor did he sufficiently explain why he did not include any such limitations. The ALJ's failure to do so is particularly troubling here where the determination of non-disability was based on the ALJ's finding at step four that Claimant had the ability to perform her past skilled work as department manager.").

### D. The ALJ's Assessment of Plaintiff's Daily Activities

Plaintiff also challenges the ALJ's subjective symptom assessment. Plaintiff argues in particular that the ALJ erred with respect to her consideration of Plaintiff's activities of daily living. ([15] at 14.) Pertinent to that argument, the ALJ noted Plaintiff's alleged symptoms in her decision, but found Plaintiff's allegations were not fully corroborated. As part of that determination, the ALJ reasoned that "[d]espite such allegations of disabling symptoms and limitations, the claimant

could dust and drive short distances" and therefore "claimant engaged in activities that are not limited to the extent one would expect, given her complaints of disabling symptoms and limitation[s]." (R. 33-34.)

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, as to daily activities, the ALJ must "explain the 'inconsistencies' between [a claimant's] activities of daily living . . . complaints of pain, and the medical evidence." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted). *See also Rainey v. Berryhill*, 731 F. App'x 519, 522 (7th Cir. 2018) ("While an ALJ may consider daily activities when assessing the claimant's credibility, the ALJ must also explain how the claimant's activities are inconsistent with medical evidence.") (citations omitted). Put differently, the ALJ must "adequately explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). A level of specificity is required, and the ALJ must explain why a claimant's "daily activities are inconsistent with his specific symptom allegations." *Donte A. R. v. Saul*, No. 19 C 2363, 2020 WL 7241066, at *8 (N.D. Ill. Dec. 9, 2020) (citations omitted).

Here, the Court agrees with Plaintiff that the ALJ's credibility determination vis-à-vis Plaintiff's activities of daily living was insufficient. The ALJ did not adequately explain how Plaintiff's ability to "dust" and "drive short distances"

13

contradicted her alleged disabling physical symptoms. *See Galarza v. Berryhill*, No. 17 C 3804, 2018 WL 4489584, at *3 (N.D. Ill. Sept. 19, 2018) ("[T]he ALJ gave no rationale for his conclusion that Plaintiff's ability to complete certain household chores and watch television equates to the level of sustained concentration required for competitive employment."); *Phillips v. Berryhill*, No. 17 C 4509, 2018 WL 4404665, at *8 (N.D. Ill. Sept. 18, 2018) ("[T]he ALJ does not explain how reading, watching television, playing computer games, and completing crossword puzzles – physically undemanding activities that Plaintiff could stop doing whenever she needed or wanted to – are inconsistent with her description of 'fairly limited' daily activities."). The inadequacy of the ALJ's symptom assessment is another error requiring that this matter be remanded. *See Steven L.*, 2021 WL 1531603 at *4 ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking care to explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order. As specified above, on remand, SSR 24-2p shall be applied. Further, the Commissioner shall take the appropriate steps to obtain an updated medical review of the diagnostic evidence discussed in this Order.

**SO ORDERED.**            **ENTERED:**

**DATE:**    **April 16, 2025**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**